IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY M. BUONOCORE,

    Petitioner,                   No. 2:07-cv-1164-GEB-JFM (HC)

  vs.

RICHARD IVES,[1]

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a federal prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action is proceeding on petitioner's amended petition, filed September 22, 2008. Petitioner seeks an order requiring respondents to evaluate him forthwith for transfer to a residential reentry center (RRC) based on the factors set forth in 18 U.S.C. § 3621(b), without reference to a policy promulgated by the Federal Bureau of Prisons (BOP) in December 2002, February 2005 amendments by the BOP to 28 C.F.R. §§ 570.20 and 570.21, or the six month rule contained in an April 14, 2008 BOP memorandum. Respondent contends that (1) this court lacks jurisdiction over the petition; (2) petitioner has not exhausted administrative remedies; and (3) the petition is moot because petitioner has been individually

---

[1] Respondent's November 21, 2008 request to substitute Warden Richard Ives as respondent in place of former Warden Kuma J. Daboo is granted.

1

considered for RRC placement and has been recommended for such placement in the final 180 days of his incarceration.

By the instant action, petitioner challenges the location of his federal imprisonment. The case law is less than clear about the circumstances under which a federal prisoner's challenge to the location of federal confinement is a challenge to the execution of the federal sentence cognizable under 28 U.S.C. § 2241, and when circumstances require such a challenge to be brought under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The case on which petitioner relies, <u>Rodriguez v. Smith</u>, 541 F.3d 1180 (9th Cir. 2008), was brought as a petition for writ of habeas corpus and decided by the United States Court of Appeals on the merits without discussion of subject matter jurisdiction. In <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000), the court of appeals in dicta noted that "petitions that challenge the manner, location, or conditions of a [federal] sentence's execution must be brought pursuant to § 2241 in the custodial court." In <u>Tucker v. Carlson</u>, 925 F.2d 330, 332 (9th Cir. 1991), the court of appeals held that to the extent a federal prisoner "challenges the fact or duration of his confinement" a complaint should be construed as a § 2241 petition, while to the extent a federal prisoner "seeks damages for civil rights violations" the complaint should be "construed as a <u>Bivens</u> action." Petitioner does not seek money damages in this action.

In <u>Ramirez v. Galaza</u>, 334 F.3d 850 (9th Cir. 2003), the United States Court of Appeals addressed the application of the so-called "favorable termination" rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and its progeny , and held that a state prisoner's § 1983 challenge to a prison disciplinary conviction could proceed because the challenge, if successful, would not affect the "fact or length of his confinement." <u>Ramirez</u>, at 852. The <u>Ramirez</u> court stated that its holding in that case "clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment." <u>Id</u>. at 858. While it is true that "the rationale of <u>Heck</u> applies to <u>Bivens</u> actions," <u>Martin v. Sias</u>, 88 F.3d 774, 775 (9th Cir. 1996), it

is not entirely clear that the decision in Ramirez completely vitiates the language in Hernandez suggesting § 2241 as an appropriate vehicle for a federal prisoner to challenge the location of confinement.

The court need not resolve whether this action is properly brought under § 2241 or whether it should be construed as a Bivens action because in either event petitioner is required to exhaust administrative remedies before proceeding with his claim in federal court. See Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991) (Bivens action); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) ( § 2241 habeas petition). Federal regulations provide a mechanism whereby federal prisoners can administratively appeal complaints relating to any aspect of imprisonment. See 28 C.F.R. §§ 542.10 et seq. (2002). Respondent has presented evidence, undisputed by petitioner, that petitioner had not exhausted administrative remedies as of the time the amended petition was filed. See Respondent's Ex. 9, Declaration of Maria Syed, filed November 21, 2008, at ¶ 4. Respondent has also presented evidence that petitioner has been individually considered for transfer to an RRC and has been recommended for placement in an RRC in the final 180 days of his prison sentence. Respondent's evidence shows that on July 22, 2008, petitioner was evaluated "under the provisions of the Second Chance Act of 2007, BOP Program Statement 7310.04, CCC Utilization, and the five-factor criteria contained in 18 U.S.C. § 3621(b)" and that as a result of such evaluation he will be placed in an RRC for the last 180 days of his prison sentence. Respondent's Ex. 8, filed November 21, 2008, at ¶¶ 16a, 17. Any part of the relief requested by petitioner that remains is particularly appropriate for administrative review in the first instance.[2]

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to exhaust administrative remedies.

---

[2] As noted above, respondent also contends that the petition is moot. It appears, however, that petitioner seeks placement in an RRC for twelve months and not the 180 days recommended in the July 22, 2008 evaluation.

1            These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2009.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

12
buon1164.157